The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. On 21 October 1994, the defendant-employer had workers' compensation insurance with the defendant-carrier.
3. The defendant-employer is in the business of manufacturing paper boxes.
4. The employer-employee relationship existed between the plaintiff and the defendant-employer at that time. The plaintiff's average weekly wage was $389.50.
5. The plaintiff, age forty-six at the time of the hearing before the deputy, worked for the defendant-employer for a total of twenty-six years. He was a warehouse manager and shipping and receiving clerk for the last twelve years of his employment.
6. On 21 October 1994, the plaintiff was reaching to lift a fifty to sixty pound box which was overhead when it began to fall. When he attempted to move out of the way, the plaintiff twisted his body and felt a pain in his lower back. The box fell on his right big toe. At that time, the plaintiff sustained an injury to his back, a lumbar strain, arising out of and in the course of his employment with the defendant-employer as a result of the specific traumatic incident of the work assigned. As a result of the same accident, the plaintiff sustained an injury to his right big toe.
7. On 23 October 1994, the plaintiff sought treatment for the back injury and toe injury at the Albemarle Hospital Emergency Room. The plaintiff was diagnosed at that time with traumatic great toe with ingrown toenail and mild lumbar spasm.
8. As a direct result of the plaintiff's injuries, he was unable to earn any wages with the defendant-employer or in any employment from 23 October 1994 until he returned to work at his regular duties on 27 October 1994. He continued to work at his regular duties until 21 December 1994.
9. On 22 December 1994, the plaintiff sought treatment for his back at The Doctor's Inn, but was refused treatment for insurance reasons.
10. On 27 December 1994, the plaintiff presented at the Chesapeake General Hospital Emergency Room complaining of the 21 October 1994 back injury. He was diagnosed with severe lumbar sprain. The doctor recommended that the plaintiff remain out of work until 2 January 1995. As a direct result of the plaintiff's 21 October 1994 compensable injury, he became unable to earn any wages with the defendant-employer or in any employment on 27 December 1994.
11. However, on 28 December 1994, the plaintiff was terminated for reasons unrelated to his compensable injury.
12. The plaintiff began treating conservatively with Dr. Richard T. Holden, an orthopedic surgeon, on 9 January 1994. Dr. Holden diagnosed the plaintiff with back strain and, on 9 January 1995, recommended the plaintiff return to work with lifting, pushing, pulling and bending restrictions. Upon Dr. Holden's orders, the plaintiff also received physical therapy at Albemarle Hospital for approximately two months and chiropractic treatments with Kim K. Fuller for approximately two and a half months.
13. The plaintiff remained under Dr. Holden's work restrictions until he was released to full duty on 17 July 1995 and told to return to Dr. Holden only on an "as needed" basis. The plaintiff reached maximum medical improvement on 17 July 1995.
14. The plaintiff was unemployed at the time of the hearing before the deputy and had not worked since his last day with the defendant-employer on 21 December 1994.
15. The plaintiff established that he became disabled as of 27 December 1994. There was insufficient evidence of record from which to prove by the greater weight that defendant offered any suitable employment or that any work was available with any other employer from that date until plaintiff was able to return to work full-duty on 17 July 1995. Therefore, as a direct result of the plaintiff's injuries, he was unable to earn any wages with the defendant-employer or in any employment from 27 December 1994 until 17 July 1995.
16. The plaintiff has failed to establish by the greater weight of the evidence that any loss of wages after 17 July 1995 was the result of any work-related disability.
17. The plaintiff returned to Dr. Holden on 19 October 1995 complaining of back pain after two incidents of exertion. As a result of this pain, he treated with Dr. Holden on two more occasions through November 1995 and also returned to the chiropractor. There is insufficient evidence of record from which to prove by the greater weight that the problems for which plaintiff was treated in October and November 1995 were caused by, related to, or the direct and natural result of the plaintiff's compensable injury of 21 October 1994.
18. On 24 January 1996, the plaintiff was evaluated by Dr. J. Patrick Kessler, an orthopedist, who opined that the plaintiff suffered a five percent permanent partial impairment to his whole body as a result of the work-related injury. The impairment rating is not competent evidence since it was not based upon the Commission rating guide.
19. The plaintiff received unemployment benefits from January 1995 until July 1995. Because the award of compensation benefits set forth below would not be sufficient to provide a reasonable attorney fee for plaintiff's counsel if defendant-employer were allowed to take a one hundred percent credit for the benefits paid, any credit due for those benefits should be reduced by one thousand nine hundred dollars ($1,900.00) to allow for an award of a reasonable attorney fee for plaintiff's counsel.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 21 October 1994, the plaintiff sustained an injury to his back arising out of and in the course of his employment with the defendant-employer as a result of the specific traumatic incident of the work assigned. As a result of the same accident, the plaintiff sustained an injury to his right big toe. N.C.G.S. § 97-2(6).
2. The plaintiff is entitled to compensation at the rate of $259.66 per week for the period from 23 October 1994 until 27 October 1994 and from 27 December 1994 through 17 July 1995 for the temporary total disability he sustained as a result of the compensable injury, subject to a credit for the unemployment benefits paid during the same period; however, the credit should be reduced by one thousand nine hundred dollars ($1,900.00) to allow for an award of a reasonable attorney fee for plaintiff's counsel. N.C.G.S. § 97-29, -42.1. See, Church v. Baxter TravenolLaboratories, 104 N.C. App. 411, 409 S.E.2d 715 (1991).
3. The plaintiff is entitled to have the defendants provide all medical compensation for treatment of this injury by accident. N.C.G.S. § 97-2(19), -25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendants shall pay compensation to the plaintiff at the rate of $259.66 per week for the period 23 October 1994 through 27 October 1994 and from 27 December 1994 through 17 July 1995 for the temporary total disability he sustained as a result of this compensable injury, subject to a credit for any unemployment benefits paid on behalf of the defendants. However, in the discretion of the Commission, the credit shall be reduced by one thousand nine hundred dollars ($1,900.00) to provide a reasonable attorney fee for plaintiff's counsel. Said compensation is subject to the attorney fee hereinafter allowed.
2. An attorney fee of one thousand nine hundred dollars ($1,900.00) is hereby approved for the plaintiff's counsel and shall be paid directly to Mr. Vincent by the defendants in accordance with Paragraph 1 above.
3. The defendants shall pay all medical compensation due as a result of this compensable injury, including compensation for the 24 January 1996 evaluation of Dr. Kessler.
4. Because the evidence did not establish a permanent partial disability rating within the language of N.C.G.S. § 97-31(23), but instead established an impairment rating to the whole body, this Opinion and Award does not address the issue of what, if any, permanent partial disability compensation is due to the plaintiff. A decision on that issue is therefore deferred and the issue is reserved for the plaintiff to present evidence at an appropriate time if he desires.
5. The defendants shall pay the costs.
This the ___ day of October, 1997.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp